IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

RONALD LUBER,   *

   Plaintiff,   *

     v.   *   Civil Action No. RDB-11-237

ANNE ARUNDEL COUNTY, *et al*.   *

   Defendants.   *

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## **MEMORANDUM OPINION**

This civil rights action arises out of a Complaint brought by Ronald Luber ("Plaintiff" or "Luber"), proceeding *pro se*, against Anne Arundel County (the "County") and its employees, Anne Hatcher, Mary Roberts, Daniel Kane, and Robert Hubbard (collectively, "Defendants"). Luber is a licensed taxicab operator in Anne Arundel County, Maryland. Luber's application for renewal of his operator's license was denied because he did not provide a doctor's record certifying that he was in sound physical and mental condition for operation of a motor vehicle. Luber was instead granted a temporary permit and has continued to work as a taxicab operator. Luber avers that he was unlawfully discriminated against under 42 U.S.C. § 1983. Additionally, Luber's second supplemental complaint appears to claim that County employees were engaged in a civil conspiracy against him. Pending before this Court is Defendant's Motion to Dismiss, or in the Alternative, Motion for Summary Judgment (ECF No. 8). In response, Luber has filed a Response to the Defendant's Motion to Dismiss, or in the Alternative Motion for Summary Judgment (ECF No. 11).

1

This Court has jurisdiction over the § 1983 complaint under 28 U.S.C. § 1331. The apparent state law conspiracy claim falls under the Court's supplemental jurisdiction under 28 § U.S.C. 1367. The parties' submissions have been reviewed and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2011). For the reasons that follow, Defendant Anne Arundel County's Motion to Dismiss (ECF No. 8) is GRANTED, and Plaintiff's Motion for Summary Judgment (ECF No. 12) is DENIED as moot.

BACKGROUND

Luber filed his *pro se* complaint using a form provided by this Court, and checking boxes to delineate his claims. On February 28, 2011, Luber was granted leave to proceed *in forma pauperis* but was instructed by this Court to supplement his complaint. Luber filed supplemental complaints on March 28 and April 8, 2011 (ECF Nos. 4, 5). In ruling on a motion to dismiss, the factual allegations in the plaintiff's complaint must be accepted as true and those facts must be construed in the light most favorable to the plaintiff. *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999). In addition, a *pro se* litigant's complaint should not be dismissed unless it appears beyond doubt that the litigant can prove no set of facts in support of his claim that would entitle him to relief. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978).

Luber is employed as a taxicab driver in Anne Arundel County, Maryland. On January 19, 2011, he visited the County's Department of Inspections and Permits to renew his operator's license. Compl. ¶ 32.[1] His renewal application was denied because he did not provide certification of a medical exam. *Id*. ¶ 19. The Anne Arundel Code for taxi cab drives requires that operators not be "subject to an infirmity of body or mind that may render the applicant unfit for the safe operation of a taxicab." *Id*. ¶ 15.

---

[1] "Complaint" refers to Luber's initial complaint, filed January 28, 2011.

2

Luber alleges that a medical certificate is not required for license renewal according to the text of the County's code and that only he was denied renewal because of a missing medical certification. *Id.* ¶ 24. Luber alleges that the employees of the County engaged in selective enforcement of the medical certification requirement, singling him out. *Id.* ¶ 46. Luber had filed a previous lawsuit against a taxicab company, alleging that the company was renting cabs with expired license plates. *Id.* ¶ 45. In that suit, Luber subpoenaed employees of the Department of Inspections and Permits, and he alleges that the denial of his license renewal came as a result of this previous interaction. *Id.* ¶ 47.

In his second supplemental complaint (ECF No. 4), Luber further alleges that the Defendants engaged in a civil conspiracy against him. Luber alleges that following the filing of his complaint with this Court, the County began contacting other cab drivers, and requiring that they likewise supply a record of a medical exam before receiving permanent licenses for the 2012 year. Second Supplemental Compl. at 2. Luber alleges that drivers who had not submitted appropriate medical certificates were issued temporary operator's licenses, some for 14 days, and others for 30 days. *Id.* at 2. Luber alleges that the Department retroactively created the temporary-licensing policy after this suit was filed. *Id.* at 3.

STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes the dismissal of a complaint if it fails to state a claim upon which relief can be granted; therefore, a Rule 12(b)(6) motion tests the legal sufficiency of a complaint. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). When ruling on such a motion, the court must "accept the well-pled allegations of the complaint as true," and

"construe the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff." *Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir. 1997).

A complaint must be dismissed if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Simmons v. United Mort. and Loan Inv., LLC*, 634 F.3d 754, 768 (4th Cir. 2011); *Andrew v. Clark*, 561 F.3d 261, 266 (4th Cir. 2009). Under the plausibility standard, a complaint must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555. Well-pleaded factual allegations contained in the complaint are assumed to be true "even if [they are] doubtful in fact," but legal conclusions are not entitled to judicial deference. *See id.* (noting that "courts are not bound to accept as true a legal conclusion couched as a factual allegation") (internal quotation marks omitted). Thus, even though Rule 8(a)(2) "marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, . . . it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Ashcroft v. Iqbal*, __ U.S. __, 129 S. Ct. 1937, 1950 (2009).

To survive a Rule 12(b)(6) motion, the legal framework of the complaint must be supported by factual allegations that "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. The Supreme Court has explained recently that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to plead a claim. *Iqbal*, 129 S. Ct. at 1949. The plausibility standard requires that the pleader show more than a sheer possibility of success, although it does not impose a "probability requirement." *Twombly*, 550 U.S. at 556. Instead, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable

for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. Thus, a court must "draw on its judicial experience and common sense" to determine whether the pleader has stated a plausible claim for relief. *Id.* at 1950.

## ANALYSIS

Plaintiff's Complaint appears to assert three causes of action: (1) discrimination and "selective prosecution" under 42 U.S.C. § 1983; (2) civil conspiracy under state law; and/or (3) civil conspiracy under 42 U.S.C. § 1985.

**I.  Local Government Liability**

Plaintiff has named in his suit four employees of the County, each in his or her official capacity. The United States Court of Appeals for the Fourth Circuit has held that "official capacity suits represent but another way of pleading an action against the entity of which the officer is an agent." *Hughes v. Blankenship*, 672 F.2d 403, 406 (4th Cir. 1982) (citing *Monell v. Dep't of Soc. Services*, 436 U.S. 658 (1978)). A defendant may be held liable in his official capacity only for actions also "recoverable against the governmental entity itself." *Hughes*, 627 F.2d at 406. Moreover, under *Monell*, a local government entity cannot be held liable under *respondeat superior* for the acts of its agents. A local government is, instead, only liable under § 1983 for acts representing government policy or custom. *Monell*, 436 U.S. at 694.

This Court observes at the outset that Plaintiff cannot sustain a claim against Defendants in their official capacities because he alleges no government policy or custom was responsible for his injury. Plaintiff, in fact, alleges just the opposite, claiming that the Defendants' actions were not part of the County's official policy or practice. Compl. ¶¶ 21-23. Therefore, because local governments are only liable for acts of their agents representing custom or policy, Plaintiff cannot sustain this claim. While this issue is dispositive, this Court will address the *pro se*

plaintiff's claims on any other grounds, considering the liability of the Defendants in their individual capacities, and find that Luber has nevertheless failed to state a claim.

## II. Discrimination and Selective Prosecution Claims under § 1983

### A. Discrimination Claim

Defendants contend that Luber fails to state a Constitutional claim under 42 U.S.C. § 1983. In order to state a claim under § 1983, a plaintiff must allege (1) a deprivation of a right or privilege secured by the Constitution and laws of the United States and that (2) the deprivation was caused by an individual acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

Plaintiff fails to state a claim because he does not allege he was deprived of any constitutionally secured right or privilege. While he states that his taxicab operator's license was denied, he affirms in his second supplemental complaint that he was, in fact, able to obtain his taxicab operator's license and continue his line of work. Plaintiff does not allege a deprivation of any right recognized under the Constitution, and therefore is not entitled to relief under § 1983.

### B. Selective Enforcement Claim

To state a claim for selective enforcement under the Fourteenth Amendment, a plaintiff must show that he was (1) treated differently than another similarly situated individual (2) for an impermissible consideration such as race. *Orgain v. City of Salisbury*, 521 F. Supp. 2d 465, 477 (D. Md. 2007) (citing *Snowden v. Hughes*, 321 U.S. 1, 8-9; *LeClair v. Saunders*, 627 F.2d 606, 609 (2d Cir. 1980); *Butler v. Cooper*, 554 F.2d 645, 646 (4th Cir. 1977); *Eberhart v. Gettys*, 215 F. Supp. 2d 666, 675 (M.D.N.C. 2002)). Here, Plaintiff fails to allege that his claimed different treatment stemmed from any impermissible consideration, racial or otherwise. Plaintiff nowhere

alleges that he is a member of a protected or otherwise identifiable group or class. Moreover, while Plaintiff does appear to allege that he was treated differently by the Defendants because of ill feeling stemming from Plaintiff's previous lawsuit, Second Supplemental Compl. at 3, he provides no factual backing for this claim. Plaintiff points to no facts supporting the inference that Defendants acted with any particularized feeling or malice. This claim fails to meet *Twombly*'s standard of "plausibility" because it lacks any factual underpinning. *Twombly*, 550 U.S. at 570.

### III. Civil Conspiracy under Maryland Law

Defendants assert that Luber fails to state a claim of civil conspiracy under Maryland state law. Under Maryland law, a "civil conspiracy is a combination of two or more persons by an agreement or understanding to accomplish an unlawful act or to use unlawful means to accomplish an act" that results in damage to a plaintiff. *Hill v. Brush Eng'g Materials, Inc.*, 383 F. Supp. 2d, 814, 821 (D. Md. 2005) (citations omitted). Conspiracy is not a tort on its own, but is dependent on some underlying tort that caused injury to the plaintiff. *Estate of White ex rel. White v. R.J. Reynolds Tobacco Co.*, 109 F. Supp. 2d 424, 428 (D. Md. 2000) (citing *Alexander & Alexander, Inc. v. B. Dixon Evander & Assocs.*, 336 Md. 635, 650 A.2d 260, 265 n.8 (Md. 1994)). Plaintiffs must also allege a clear agreement to conspire because the "[i]ndependent acts of two wrongdoers do not make a conspiracy." *Murdaugh Volkswagen, Inc. v. First Nat. Bank of South Carolina*, 639 F.2d 1073, 1076 (4th Cir. 1981). *See also Cavalier Mobile Homes, Inc. v. Liberty Homes, Inc.*, 53 Md. App. 379, 454 A.2d 367, 372 (Md. Ct. Spec. App. 1983) (holding that a plaintiff must allege that there was a "unity of purpose of a common design and understanding, or a meeting of the minds in an unlawful arrangement.").

7

While Plaintiff alleges conspiracy of the Defendant-employees, he fails to sufficiently allege an underlying tortious injury. Plaintiff claims to have been injured by the selective enforcement of Anne Arundel County's medical certification requirement. Again, Luber was, in fact, able to obtain a renewal of his taxicab operator's license. He was granted a six month operator's license expiring in September, 2011.[2] Second Supplemental Compl. at 4.

Additionally, Plaintiff fails to allege a unity of purpose or common agreement among the alleged conspirators. Plaintiff alleges that after the filing of his complaint, Defendants "began contacting all drivers by telephone and required them to surrender and return their renewed 12 month issued license[s] . . . ." Second Supplemental Compl. at 2. Plaintiff, however, provides no facts indicative of any agreement of the alleged co-conspirators. He fails to state when or where the alleged conspiracy was formed or present any other facts tending to show that such agreement was, in fact, reached. Plaintiff's allegations are purely speculative and are not entitled to judicial deference. *Twombly*, 550 U.S. at 555.

## IV. Civil Conspiracy under 42 U.S.C. § 1985.

Luber has likewise failed to state a claim under 42 U.S.C. § 1985. To plead a civil conspiracy under § 1985(3), a plaintiff must state facts sufficient to plausibly suggest:

> (1) A conspiracy of two or more persons, (2) who are motivated by a specific class-based, invidiously discriminatory animus to (3) deprive the plaintiff of the equal enjoyment of rights secured by the law to all, (4) and which results in injury to the plaintiff as (5) a consequence of an overt act committed by the defendants in connection with the conspiracy.

*Simmons v. Poe*, 47 F.3d 1370, 1376 (4th Cir. 1995). Plaintiff's claims are insufficient on nearly every element of this cause of action. First, as in his state law claim, Plaintiff pleads no facts suggesting any agreement between the alleged co-conspirators. Second, Plaintiff fails to allege

---

[2] Plaintiff's own allegations are inconsistent on this point. Plaintiff elsewhere alleges that his license is set to expire on February 28, 2011. Second Supplemental Compl. at 2.

any "class-based" animus on the part of the Defendants. Plaintiff nowhere alleges he is a part of any protected or otherwise identifiable class. Plaintiff instead contends that his treatment was particularized to him as an individual; this is the opposite of the blindly class-based animus guarded against in 42 U.S.C. § 1985. Third, Plaintiff, as in his § 1983 claim, fails to sufficiently allege injury. Plaintiff's only claimed injury is the wrongful denial of his taxicab renewal license. By Plaintiff's own admission, however, he was granted such a license, and continues to work as a taxicab operator, undermining his claim of damages. Second Supplemental Compl. at 2. Plaintiff cannot sustain a claim because he alleges no legally cognizable injury based on any class-based animus.

## V.     Administrative Exhaustion

Defendants further claim in their Motion to Dismiss, or in the Alternative Motion for Summary Judgment (ECF No. 8) that all of Plaintiff's claims are barred because of his failure to exhaust available administrative remedies. Plaintiff, however, fails to state a claim under any possible theory of liability. Therefore, the question of administrative exhaustion vis-à-vis Plaintiff's various state and federal claims need not be further addressed.[3]

## CONCLUSION

For the reasons stated above, Defendant Anne Arundel County, *et al.*'s Motion to Dismiss (ECF No. 8) is GRANTED. A separate Order follows.

Dated: July 12, 2011                                       /s/_____
                                                                        Richard D. Bennett
                                                                        United States District Judge

---

[3] This Court notes that the United States Court of Appeals for the Fourth Circuit has held that administrative exhaustion is not, in fact, a general bar to civil rights claims brought under § 1983. *Virginia Hospital Ass'n v. Baliles*, 868 F.2d 653, 660 (4th Cir. 1989) ("We observe at the outset that exhaustion of state administrative remedies if not ordinarily a prerequisite to commencing a § 1983 action.")